# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TOMMY RAY WILLIAMS, | ) | 1:03-cv-05819-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING RESPONDENT'S MOTION FOR RECONSIDERATION OF PRIOR ORDER DENYING MOTION TO DISMISS (Doc. 41) |
| v. | ) | |
| | ) | ORDER DENYING RESPONDENT'S REQUEST FOR ORAL ARGUMENT REGARDING RESPONDENT'S MOTION FOR RECONSIDERATION (Doc. 41) |
| MIKE KNOWLES, Warden, | ) | |
| | ) | ORDER RE-SETTING BRIEFING SCHEDULE |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to Title 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

**PROCEDURAL HISTORY**

On September 2, 2003, Respondent submitted his original Motion to Dismiss the petition on the grounds it was submitted beyond the one-year statute of limitations. (Doc. 8). The Ninth Circuit reversed this Court's granting of that Motion to Dismiss and remanded the case "for further factual development, and if determined appropriate by the district court, an evidentiary hearing, to determine (1) whether petitioner satisfied the actual innocence test set forth in Schlup v. Delo, 513 U.S. 298 (1995); (2) whether the statute of limitations began to run on August 30, 2001, the date petitioner discovered the factual predicate for his claims; and (3) whether the statute of limitations should be equitably tolled until August 30, 2001." (Doc. 23).

1

On April 18, 2005, Respondent filed a renewed Motion to Dismiss, again raising a purported violation of the one-year statute of limitations. (Doc. 28). In this motion, Respondent addresses only "actual innocence" under <u>Schlup</u>, and tolling for newly discovered evidence under sec. 2244(d)(1)(d); Respondent did not address the issue of equitable tolling. (Doc. 28, pp. 5-9). On September 27, 2005, Petitioner's counsel filed her opposition to Respondent's motion, supported, inter alia, by a declaration from Petitioner, prison mail logs, and the case log of trial counsel. (Doc. 37). Respondent filed no Reply.

On March 30, 2006, the Court denied the renewed Motion to Dismiss and ordered Respondent to file an answer to the petition. (Doc. 40). On April 7, 2006, Respondent filed the instant Motion for Reconsideration along with a request for oral argument of the issues contained therein. (Doc. 41). On April 12, 2006, Petitioner filed an opposition to the Motion for Reconsideration. (Doc. 42).

## DISCUSSION

**A.  Motion for Reconsideration.**

Respondent contends that the Motion for Reconsideration should be granted and the Motion to Dismiss granted as well because Petitioner's allegations that he was not in possession of the information contained in the autopsy report "were in direct opposition to his trial counsel's version of the events leading up to Petitioner's guilty plea." (Doc. 41-1, p. 3). In support of this conclusion, Respondent proffers the declaration of Respondent's attorney, which states that counsel related the Court's ruling to trial counsel, Karen Block-Davis, that Davis was "surprised" and "dismayed" by the Court's interpretation of her declaration, that she did not "envision that interpretation at all," and that Petitioner's version of events was "a lie." (Doc. 41-2, p 2). Counsel also declares that he was attempting to "synthesize" Davis' statement into a brief declaration, and that any ambiguity resulting therefrom was a "drafting error." (<u>Id</u>.).

Petitioner's Opposition contends that the Motion for Reconsideration should be denied because it neither provides any new evidence, demonstrates an intervening change in the law, or shows a clear error or manifest injustice. (Doc. 42, p. 2). In the Court's view, Petitioner is correct; the Motion for Reconsideration must be denied.

2

Local Rule 78-230(k), governing applications for reconsideration, provides that it is moving counsel's duty to provide an affidavit or brief setting forth grounds to support the motion, including "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion." Local Rule 78-230(k)(3) and (4).

Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). The Ninth Circuit has indicated that the "overwhelming weight of authority is that the failure to file documents in an original motion or opposition does not turn the late filed documents into "newly discovered evidence." Id.; see Waltman v. International Paper Co., 875 F.2d 468, 473-474 (5th Cir. 1989); Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1557 & n. 4 (9th Cir. 1987); Frederick S. Wyle Professional Corp. v. Texaco, Inc., 764 F.2d 604, 609 (9th Cir. 1985).

Here, to the extent that Respondent is complaining that the Court misinterpreted trial counsel's declaration, and specifically the word "shared," or that the Court, in resolving the controverted issues of fact regarding whether Petitioner had actual knowledge of the cause of death specified in the autopsy report, erred in finding that Petitioner had established his lack of knowledge by a preponderance of the evidence, the Motion for Reconsideration does not raise new issues, but rather re-argues points already addressed by the Court in its Order of March 30, 2006.

To the extent that Respondent claims to now be presenting "new" evidence, i.e., Davis' "surprise" and "dismay" to the Court's March 30, 2006, ruling, as related in counsel's declaration, such evidence is both insufficient and unpersuasive. It is insufficient because it Davis' emotional reactions to the Court's decision of March 30, 2006, is not probative of whether the record established, by a preponderance of the evidence, that Petitioner did not have actual knowledge of the cause of death at the time of trial. It is also insufficient because, as

mentioned above, it is not "new" evidence, but rather information that could have, but was not, presented with the renewed Motion to Dismiss.

The evidence is unpersuasive because it still fails to clarify the central point, i.e., precisely what Davis told Petitioner at the time of trial regarding the autopsy report. In this regard, Respondent had ample opportunity, when filing documents to support the renewed Motion to Dismiss, to present a full and complete declaration by Davis detailing, to the best of her recollection, the exact conversation that transpired between her and Petitioner when the autopsy report was discussed. At that time, Respondent was well-aware that the question of Petitioner's actual knowledge of the cause of death was the critical question in determining whether the equitable tolling provisions of the AEDPA should be applied. A detailed declaration setting forth explicitly what Respondent is now suggesting implicitly would, conceivably, have resolved the factual dispute in Respondent's favor. Indeed, as the parties knew full well, the matter was on remand from the Ninth Circuit expressly for the purpose of developing the factual record regarding that critical issue. The Court has never, at any time, indicated any aversion to a full and complete development of those facts by either side. Inexplicably, however, rather than proffering a comprehensive and detailed declaration from Davis on the critical factual questions, Respondent's counsel chose to present instead an abbreviated and generalized "synthesis" of Davis' recollections that, in the Court's view, was inherently ambiguous and that failed to resolve the question of Petitioner's actual knowledge of the autopsy report's contents.

Furthermore, after the Court issued its March 30, 2006 ruling, Respondent, in the Motion for Reconsideration, once again had an opportunity to present a detailed declaration from Davis explaining precisely what she discussed with Petitioner at trial. Once again, however, Respondent declined to present such evidence to the Court, relying instead on a hearsay explanation by counsel of Davis' emotional reactions of "surprise" and "dismay" rather than on concrete facts that would have supported Respondent's position. Although Respondent indicated that such a declaration could be submitted within fifteen days, Respondent's failure to file such a seemingly dispositive declaration in either the renewed Motion to Dismiss or in the Motion for Reconsideration, is fatal to any request for reconsideration. Given the failure of Respondent to

remedy the obvious evidentiary deficits in his position, the Court is now in no position to afford Respondent relief.

In sum, the Court finds that Respondent's Motion for Reconsideration has failed to offer any new persuasive evidence that the Court's denial of the renewed Motion to Dismiss was incorrect, nor has Respondent provided an adequate explanation for why such evidence was not presented in the first instance in the renewed Motion to Dismiss, or subsequently, in the Motion for Reconsideration. In light of these findings, the Court has no alternative but to deny the Motion for Reconsideration.[1]

### B. Request for Oral Argument.

Respondent has provided no legal basis for the Court to order oral argument regarding the Motion to Reconsider. Indeed, given the several opportunities Respondent has had to "clarify" Davis' declaration and to "develop" the record, it does not appear to the Court that oral argument would only serve as an opportunity to re-argue arguments already adequately presented in these proceedings. Accordingly, the Court will deny the request for oral argument.

### C. Re-scheduled Briefing.

Because of the time that has transpired since the original March 30, 2006 order, which not only denied the Motion to Dismiss but established a briefing schedule, the Court will re-schedule the briefing as indicated below.

**ORDER**

Based on the foregoing, the Court HEREBY ORDERS as follows:

1. Respondent's Motion for Reconsideration (Doc. 41), is DENIED;

2. Respondent's request for oral argument (Doc. 41), is DENIED; and,

3. Respondent SHALL FILE an ANSWER addressing the merits of the Petitioner's Petition within **NINETY (90)** days of the *date of service* of this order. Rule 4, Rules Governing Section 2254 Cases; Cluchette v. Rushen, 770 F.2d 1469, 1473-1474

---

[1] Respondent also requests that, should the Motion for Reconsideration be denied, the Court should order further factual development of the record in order "to clarify Ms. Davis' declaration." A reason for the remand was for the very purpose of developing the record. Both parties had ample opportunity to develop the record during the course of the proceedings on the Motion to Dismiss and the Motion for Reconsideration. At some point, these Motions must be resolved and the proceedings must move forward. This case has reached that point.

1  (9th Cir. 1985) (court has discretion to fix time for filing an Answer.).

2  4. Respondent SHALL INCLUDE with the Answer any and all transcripts or other documents necessary for the resolution of the issues presented in the Petitioner's Petition. Rule 5 of the Rules Governing Section 2254 Cases.

5. Any argument by Respondent that Petitioner has procedurally defaulted a claim(s) SHALL BE MADE in an ANSWER that also addresses the merits of the claims asserted. This is to enable the Court to determine whether Petitioner meets an exception to procedural default.  See, Paradis v. Arave, 130 F.3d 385, 396 (9th Cir. 1997) (Procedurally defaulted claims may be reviewed on the merits to serve the ends of justice); Jones v. Delo, 56 F.3d 878 (8th Cir. 1995) (the answer to the question that it is more likely than not that no reasonable juror fairly considering all the evidence, including the new evidence, would have found Petitioner guilty beyond a reasonable doubt necessarily requires a review of the merits).

6. Petitioner's TRAVERSE, if any, is due **THIRTY (30)** days from the date Respondent's Answer is filed with the Court.

7. The Clerk of the Court is DIRECTED to SERVE a copy of this order on the Attorney General or his representative.

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court.  Local Rule 78-230(h).  All provisions of Local Rule 11-110 are applicable to this order.

IT IS SO ORDERED.

Dated:   **July 18, 2006**                                    **/s/ Theresa A. Goldner**
**j6eb3d**                                                     UNITED STATES MAGISTRATE JUDGE