UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TOMMY RAY WILLIAMS, | ) | 1:03-CV-5819-JMD-HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING PARTIES' REQUEST |
| | ) | TO BIFURCATE EVIDENTIARY HEARING |
| v. | ) | AND DENYING RESPONDENT'S |
| | ) | REQUEST FOR CONTINUANCE |
| MIKE KNOWLES, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On March 6, 2009, the parties submitted a Joint Status Report in connection with the evidentiary hearing scheduled to take place on April 29, 2009. The parties have requested clarification of the Court's Order Scheduling Evidentiary Hearing and bifurcation of the two issues implicated by the evidentiary hearing. Respondent also request a continuance in the interest of convenience to one of Respondent's witnesses.

**I. Clarification of the Factual Issues to be Determined**

Petitioner asserts that he was denied effective assistance of counsel in violation of his Sixth Amendment rights due to his counsel's alleged failure to properly advise him of the contents and legal significance of the victim's autopsy report, which found the victim's cause of death to be

peritonitis resulting from an improperly placed feeding tube rather than the blunt force head trauma the victim sustained in the accident caused by Petitioner. Petitioner contends that there is a reasonable probability he would not have pled guilty to second degree murder had his counsel properly advised him about the contents of the autopsy report. The parties frame the two factual issues that must be resolved at the evidentiary hearing as:

> 1) whether defense counsel was ineffective for failing to advise Petitioner of the contents and legal significance of the autopsy report prior to his guilty plea, and 2) whether the hospital's actions were grossly negligent under the circumstances and hence, Petitioner would have likely succeeded at trial by asserting a lack of causation defense...if the answer to either of the two questions is "No" that answer would be dispositive of whether Petitioner is entitled to relief.

(Joint Statement at 2-3).

With respect to issue number one, the precise inquiry for the purposes of the evidentiary hearing is *whether Petitioner's counsel informed Petitioner of the contents and legal significance of the autopsy report*. Whether counsel's alleged failure to inform Petitioner of the contents and legal significance of the autopsy report amounts to ineffective assistance of counsel constitutes a question of law. The parties correctly assert that if the Court finds that Petitioner's counsel did in fact inform Petitioner of the contents and legal significance of the autopsy report, Petitioner cannot prevail on his ineffective assistance claim.

With respect to the second issue, the parties have correctly identified the factual inquiry as "whether the hospital's actions were grossly negligent under the circumstances." However, whether the hospital's conduct was grossly negligent is not, as a matter of law, dispositive of Petitioner's claim. Although the Court's resolution of Petitioner's claim "will depend *largely* on whether the affirmative defense likely would have succeeded at trial," the paramount inquiry is whether "there is a reasonable probability that, but for counsel's errors, [Petitioner] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985) (emphasis added).

**II. Request for Bifurcation**

The Court agrees with the parties that resolution of the second issue will require substantially more litigation resources, including expert testimony. In the event the Court determines that Petitioner's counsel did in fact adequately discuss the contents and legal implications of the autopsy

report with Petitioner, the second issue will be rendered moot. Accordingly, the Court finds that bifurcation of the evidentiary hearing is appropriate. In the event the Court finds that Petitioner's counsel failed to advise Petitioner of the contents and legal significance of the autopsy report, the Court will schedule a second evidentiary hearing regarding the gross negligence issue.

**III. Request for Continuance**

The Court finds that Respondent has failed to demonstrate good cause for a continuance. The hearing date for this matter was set over seven months ago, giving the parties and their witnesses ample time to make the necessary arrangements. Although the Court appreciates that Respondent's witness Ms. Block-Davis, and her family, will be inconvenienced by the hearing, the disruption to Ms. Block-Davis' family's life will be minimal. The parties agree that the hearing will not exceed one day; accordingly, Ms. Block-Davis will presumably be able to return home after the hearing. The Court sees no reason why rescheduling the hearing for a Monday would reduce the amount of time Ms. Block-Davis will be away from her family.

The Court also declines to grant a continuance due to the inconvenience that a continuance would impose on the Court. The Court has undertaken preparations for the April 29 hearing and has managed its caseload based on the assumption that the hearing would proceed as scheduled. Further, as the Court may have to conduct an additional hearing on the gross negligence issue, continuing the April 29 hearing until May could potentially prolong adjudication of this action for a substantial amount of time. Finally, although Petitioner's counsel does not oppose rescheduling the hearing, the Court notes that Petitioner has an important liberty interest at stake in these proceedings.

For the foregoing reasons, it is HEREBY ORDERED that:

1. The parties' request to bifurcate the evidentiary hearing is GRANTED;
2. Respondent's request for a continuance is DENIED; and
3. The April 29, 2009 evidentiary hearing shall proceed concerning the factual question of whether Petitioner's counsel informed Petitioner of the contents and legal significance of the autopsy report.

///

///

1

2 IT IS SO ORDERED.

3 **Dated:   March 12, 2009**                              **/s/ John M. Dixon**
                                                          UNITED STATES MAGISTRATE JUDGE