# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TOMMY RAY WILLIAMS, | ) | 1:03-CV-5819 JMD HC |
| | ) | |
| Petitioner, | ) | ORDER REQUIRING PARTIES TO SUBMIT |
| | ) | ADDITIONAL BRIEFING REGARDING |
| v. | ) | THE STATUE OF LIMITATIONS |
| | ) | |
| MIKE KNOWLES, | ) | |
| | ) | |
| Respondent. | ) | RESPONSE DUE WITHIN THIRTY DAYS |
| | ) | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### **Procedural History**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Tuolumne County Superior Court. The court imposed an indeterminate prison term of fifteen years to life for second degree murder (Cal. Penal Code § 187) and a concurrent term of three years for driving under the influence causing injury (Cal. Vehicle Code § 23153(a)). (Answer at 1-2.).

On May 9, 2002, Petitioner filed a petition for writ of habeas corpus in the Tuolumne County Superior Court. On September 19, 2002, the court denied the petition. (Answer at 2; Lodged Doc. 2, Exs. 2-3.)

On October 3, 2002, Petitioner filed a petition for writ of habeas corpus in the California

Court of Appeal.  On November 14, 2002, the court summarily denied the petition.  (Answer at 2; Lodged Doc. 2, Exs. 4-5.)

On December 10, 2002, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court.  On April 30, 2003, the court summarily denied the petition.  (Answer at 2; Lodged Doc. 2, Exs. 6-7.)

Petitioner filed the instant petition before this Court on June 16, 2003.  On December 3, 2003, the Court granted Respondent's motion to dismiss the petition as untimely.  (Doc. 11).

Petitioner appealed the Court's order of dismissal to the Ninth Circuit Court of Appeals on December 29, 2003.  (Doc. 13).

On November 19, 2004, the Court of Appeals vacated the Court's order of dismissal and remanded the case "for further factual development, and if determined appropriate by the District Court, an evidentiary hearing to determine (1) whether Petitioner satisfied the actual innocence test set forth in *Schlup v. Delo*, 513 U.S. 298 (1995); (2) whether the statute of limitations began to run on August 30, 2001, the date Petitioner discovered the factual predicate for his claims; and (3) whether the statute of limitations should be equitably tolled until August 30, 2001." (Doc. 23.).

Respondent filed a renewed Motion to Dismiss on April 18, 2005, asserting once again that the petition was untimely.  (Doc. 28).  On September 27, 2005, Petitioner's counsel filed an Opposition to Respondent's Motion, supported, inter alia, by a Declaration from Petitioner, prison mail logs, and the case log of trial counsel. (Doc. 37).

The parties' briefs and supporting affidavits concerning Respondent's renewed Motion to Dismiss created factual dispute regarding the critical question of when Petitioner discovered the contents of the victim's autopsy report.  (*See* Doc. 40 at 10).  After reviewing the evidence, the Court accepted, under a preponderance of the evidence standard, Petitioner's representation that his counsel did not inform him of the specific contents of the autopsy report.  (Id. at 11).

Based on the Court's finding that Petitioner did not discover the contents of the autopsy report until September of 2001, the Court found that Petitioner's action was based on newly discovered evidence and was therefore timely. (Id. at 12).  Alternatively, the Court found that Petitioner was entitled to equitable tolling because Petitioner's inability to obtain his public defender

file– and thus the autopsy report– constituted an "extraordinary circumstance" preventing Petitioner from filing his claim. (Id. at 14). The Court denied Respondent's renewed motion to dismiss. (Doc. 40).

Respondent filed a motion of reconsideration of the Court's order denying the Motion to Dismiss on April 7, 2006. (Doc. 41). The Court denied Respondent's motion for reconsideration on July 19, 2006. (Doc. 43).

Respondent filed an answer to the petition on October 19, 2006. (Doc. 45). Petitioner filed a traverse on December 20, 2006. (Doc. 48).

On August 6, 2008, the Court ordered an evidentiary hearing in order to receive evidence on Petitioner's ineffective assistance of counsel claim. (Doc. 51). The Court conducted the evidentiary hearing on April 29, 2009.

Petitioner filed a post-evidentiary hearing brief on July 27, 2009. (Doc. 64). Respondent filed its post-evidentiary hearing brief on September 16, 2009. (Doc. 69). Respondent's post-evidentiary brief reasserts the statute of limitations defense. (Id. at 9-11).

### Discussion

In June of 1998, Petitioner was driving under the influence of alcohol when his vehicle struck a motorcycle being ridden by the victim. (Ev. Hearing Trans. at 31; 54). The victim was taken to the hospital and underwent surgery. (Id. at 55). After surgery, hospital staff placed a feeding tube in the victim improperly, causing an infection which ultimately led to the victim's death. (Id.). The victim's autopsy report states that the victim's death was "attributed to peritonitis resulting from an improperly placed feeding tube...blunt force head trauma, while significant, would not seem to be sever enough to lead to death as a primary cause." (Doc. 38, Ex. H.).

On October 1, 1998, Petitioner entered a plea of guilty to one count of second degree murder and one count of driving under the influence of alcohol or drugs causing injury. Petitioner contends his plea was tainted by his counsel's constitutionally ineffective assistance. Specifically, Petitioner contends that his attorney did not advise him of the contents of the autopsy report and did not adequately advise Petitioner regarding his potential defense to the crime of second degree murder. ///

The Court conducted an evidentiary hearing on April 29 in order to ascertain the nature of counsel's investigation of Petitioner's causation defense and the quality of her advice to Petitioner.

At the evidentiary hearing, Petitioner revealed that, contrary to statements made in his sworn affidavit, Petitioner's counsel discussed the specific contents of the autopsy report with him before he entered his plea.  (Ev. Hearing Trans. at 11).  As Petitioner's alleged ignorance of the contents of the autopsy report was the basis for the Court's prior adjudication of the statute of limitations issue, the Court must revisit the issue.

Petitioner is directed to submit briefing on the issue of whether he is entitled to equitable tolling in light of his testimony at the evidentiary hearing.  Additionally, Petitioner shall submit briefing on whether Petitioner should be excused from the statute of limitations on the grounds of actual innocence.

### Order

1) Petitioner shall submit additional briefing on the statue of limitations issue within THIRTY (30) days of the date of this order; and

2) Respondent shall submit a response to Petitioner's brief within THIRTY (30) days of receipt of Petitioner's brief.

IT IS SO ORDERED.

**Dated:   March 3, 2010                                /s/ John M. Dixon**
UNITED STATES MAGISTRATE JUDGE