UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY RAY WILLIAMS,<br><br>          Petitioner,<br><br>  v.<br><br>MIKE KNOWLES,<br><br>          Respondent. | 1:03-CV-5819 JMD HC<br><br>ORDER DECLINING TO ISSUE<br>CERTIFICATE OF APPEALABILITY |

On January 13, 2011, the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 was dismissed and judgment was entered in favor of Respondent. On February 11, 2011, Petitioner filed a request for certificate of appealability and notice of appeal.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). The controlling statute, 28 U.S.C. § 2253, provides as follows:

    (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

    (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

    (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from-

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. at 336. A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. at 483-84.

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

Here, Petitioner maintains that the one-year tolling period under 28 U.S.C. § 2244(d) did not commence to run until he received an autopsy report as part of the file he received from the Public Defender's office on August 30, 2001.[1] Petitioner further contends that "reasonable jurists would

---

[1] As noted in the Court's Order to Dismiss the Petition of January 13, 2011, the autopsy report indicated that the victim's death was "attributed to peritonitis resulting from an improperly placed feeding tube" which ultimately led to the victim's death. See Order of January 13, 2011 Granting Motion to Dismiss ("Order") at 4. Petitioner contends that at the

find it debatable as to whether Mr. Williams' was provided the predicate facts for his habeas claims." <u>See</u> Motion for Certificate of Appealability ("Motion") (Doc. 81) at 5.  In response to the Court's order dismissing the petition as untimely, Petitioner stated:

> The Court held that Mr. Williams was not entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(1)(D) because petitioner's trial counsel had at least shown Mr. Williams's a copy of the autopsy report through a window prior to his plea. . . . The Court determined that when Mr. Williams learned that the hospital was the actual cause of the victim's death was not relevant to whether he was entitled to statutory tolling. ¶
>
> The Court's order failed to address whether Mr. Williams had been advised that the actual cause of the victim's death was the hospital's negligence . . . .

<u>See</u> Motion at 4.  Petitioner's contentions are unavailing for at least two reasons.  First, the Court's determination that Petitioner, prior to his plea, was aware of his claim's predicate facts was supported in large part by Petitioner's own statements at hearing.  <u>See</u> Order at 8-9.  Petitioner's testimony indicated his counsel had discussed the contents of the autopsy report with him before he entered his plea.  <u>See</u> Order at 8-9.  Second, Petitioner's attempt to re-frame the issue as to whether Petitioner was advised of the report's legal significance as opposed to its contents additionally lacks merit.  As the Court's Order noted: the "[t]ime begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognized their legal significance" [citation].  <u>Id.</u> at 7.

Regarding whether Petitioner was entitled to equitable tolling, Petitioner states "there were other factors not addressed by the Court" including "limited access to the law library" caused by:  (1) a two month "lockdown" at the Tracy Reception center in 1998; and (2) the close confinement of Petitioner between December of 1998 and January 4, 2000; and (3) lockdowns "for days and weeks at a time" during 2001 and 2002 at "CSP-Mule Creek" facility.  <u>See</u> Motion at 5.  However, given the gravemen of Petitioner's argument is his delayed discovery of the claim's factual predicate, it is unclear, and Petitioner has not explained, how any of the alleged periods of limited access (particularly those periods prior to September 2001) are relevant to his claim that he only later

---

time he accepted the plea to second degree murder he was provided constitutionally ineffective assistance of counsel because his attorney had not "advised him of the contents of the autopsy report and did not adequately advise [him] regarding a potential defense to the crime of second degree murder."  <u>See</u> Order at 5.

learned of the report's contents.[2] See Motion at 5. Accordingly Petitioner is not entitled to a later limitations start-date under either section 2244(d)(1)(D) or equitable tolling.

It does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Because Petitioner has not made a substantial showing of the denial of a constitutional right the Court will decline to issue a certificate of appealability.

Accordingly, it is ORDERED that:

1. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:    February 16, 2011**          /s/ John M. Dixon
                                        UNITED STATES MAGISTRATE JUDGE

---

[2] The Court notes that though the Court's March 3, 2010 order directed the parties to submit briefing on the issue of whether Petitioner would be entitled to equitable tolling, Petitioner's responsive brief did not argue or claim that his alleged periods of "limited access" further justified equitable tolling. See Petitioner's Additional Briefing on Tolling and Actual Innocence (Doc. 73).