UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY RAY WILLIAMS,<br><br>    Petitioner,<br><br>v.<br><br>MIKE KNOWLES, Warden,<br><br>    Respondent. | Case No.: 1:03-cv-05819-JLT<br><br>ORDER ESTABLISHING BRIEFING SCHEDULE FOR PARTIES TO ADDRESS TIMELINESS ISSUE<br><br>FORTY-FIVE DAY DEADLINE |

Petitioner is a state prisoner proceeding through appointed counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 26, 2003, Petitioner filed his written consent to the jurisdiction of the Magistrate Judge for all purposes. (Doc. 3). On September 2, 2003, Respondent filed his consent. (Doc. 7).

**PROCEDURAL HISTORY**

The instant petition was filed on June 16, 2003. (Doc. 1). Since that time, the case has had a long and complicated procedural history, including several motions to dismiss for untimeliness, several grants of those motions, several dismissals, and several appeals, which have resulted in the return of this case to the district court. Of immediate concern is the most recent order from the United States Court of Appeals for the Ninth Circuit. On October 16, 2013, the Ninth Circuit affirmed in part and reversed in part the district court's prior dismissal of the petition as being in violation of the one-year limitation period contained in 28 U.S.C. § 2244(d). (Doc. 89). The Ninth Circuit upheld the

district court's conclusion that the one-year period had expired by the time the petition was filed. However, during the pendency of the appeal, the United States Supreme Court decided McQuiggin v. Perkins, __U.S.__, 133 S.Ct. 1925 (2013), which held that an actual innocence exception to the one-year limitation period existed.  The Ninth Circuit therefore remanded the case to this Court for "a determination of whether [Petitioner's] actual innocence claim meets the standard set forth in McQuiggin so that he is entitled to an exception to the expiration of the AEDPA statute of limitations." (Doc. 89).

Although the parties have already addressed the issue of actual innocence, those briefs were filed prior to the decision in McQuiggin.  Accordingly, the Court will require that the parties submit simultaneous briefs addressing the question stated above, i.e., whether Petitioner's actual innocence claim meets the McQuiggin standard such that he is entitled to an exception to the expiration of the AEDPA's one-year limitation period.  After the filing of the initial simultaneous briefs, the parties will be permitted fifteen days within which to file a reply to the other party's opening brief.

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1.   Within 45 days of the date of service of this order, simultaneously, Petitioner and Respondent SHALL file opening briefs addressing whether, pursuant to McQuiggin, Petitioner is entitled to an actual innocence exception to the one-year limitation period.

2.   Within 15 days of the filing of the opening briefs, each party may file a reply brief responding to the arguments raised in the opening brief of the other party.

IT IS SO ORDERED.

Dated:   **November 19, 2013**           **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE