UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY RAY WILLIAMS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>MIKE KNOWLES, Warden,<br><br>　　　　　Respondent. | Case No.: 1:03-cv-05819-JLT<br><br>ORDER SETTING EVIDENTIARY HEARING |

　　　　This matter is before the Court after it was remanded by the Ninth Circuit Court of Appeal "for a determination of whether [Petitioner's] actual innocence claim meets the standard set forth in McQuiggin so that he is entitled to an exception to the expiration of the AEDPA statute of limitations." (Doc. 89, pp. 2-3).

　　　　On February 19, 2015, the Court ordered the parties to file supplemental briefs explaining whether an evidentiary hearing is required as to whether the hospital's action related to placement of the feeding tube into the victim constituted gross negligence. (Doc. 96) If a hearing was thought necessary, the party was to detail the evidence that would be presented and the earliest possible date that the hearing could occur. Id.

　　　　On March 2, 2015, Petitioner filed a brief asserting that a hearing is required. (Doc. 97) in particular, Petitioner claims that the surgeon who placed the feeding tube originally ordered that a doctor be called if the tube was dislodged. Id. at 2. He claims that when the tube was displaced, it was reinserted by rehabilitation hospital staff rather than by a doctor. Id. Moreover, he claims the

1  hospital staff contravened doctor's orders not to begin feeding the patient until the correct placement
2  of the feeding tube was confirmed. Id. at 3. Petitioner claims staff members continued to feed the
3  patient through the tube without confirming its proper placement and that these acts resulted in the
4  patient's death. Id. Petitioner asserts that the actions constitute gross negligence and he will present
5  expert testimony to detail the extent of this negligence. Id. Petitioner claims the earliest date he
6  would be prepared for the evidentiary hearing is June 2015. Id. at 4.

7  Respondent disagrees that a hearing is necessary. (Doc. 98 at 2) While admitting the medical
8  records constitute new evidence, Respondent argues that because they duplicate the coroner's
9  determination, they are insufficient to justify the hearing. However, as noted above, Petitioner argues
10 the medical records detail repeated errors by the rehabilitation hospital. First, though the surgeon, who
11 placed the PEG tube initially, ordered that a doctor was to be called in the event the tube was
12 dislodged, this did not occur. (Doc. 93-1 at 4.) Instead, a nurse replaced the dislodged PEG tube
13 bedside with a foley catheter. Id. at 10. Second, this procedure was made more difficult by the fact
14 that the PEG tube had been placed only two days before and the "tract" had not yet healed. (Doc. 93-2
15 at 6) Thus, there was no established pathway for insertion of the tube. Id. Third, rehabilitation
16 hospital staff delivered medications to the patient and resumed feeding the patient without first
17 confirming the correct placement of the tube.[1] (Doc. 93-1 at 10.)

18 On the other hand, the autopsy report does not attempt to determine whether the hospital's
19 action was *legal* cause of the victim's death and the evidence from the report is equivocal as to
20 whether such a conclusion can be drawn. The autopsy report indicates that the injuries sustained as a
21 result of the collission resulted in a head trauma that "while significant, *would not seem* to be severe
22 enough to lead to death *as a primary cause*." (Doc. 93, Ex. 2, p. 6)(Emphasis supplied). The
23 pathologist, Dr. Dianne R. Vertes, did not state, to a reasonable degree of medical probability, or
24 indeed to any degree of probability, that the head trauma resulting from Petitioner's conduct would not
25 have resulted in death, but instead opined only that it "would not appear" that the head injuries were so
26 severe that, by themselves, they would have resulted in death. Dr. Vertes also indicated that the cause
27 of the victim's death "is attributed" to peritonitis. The pathologist makes no attempt to express an
28

---

[1] The court cannot make out any note indicating that feeing resumed but the coroner found "100 cc's of white fluid surrounding the abdominal viscera" (Doc. 93-2 at 4) seeming to indicate that feeding resumed especially in light of the fact that this was the amount of nutrition he had been receiving (Doc 93-1 at 9).

expert legal opinion, nor does her choice of words in the autopsy report exclude the possibility that the victim's head injuries contributed to his death.  Most notably, the pathologist's phrasing does not require a conclusion that peritonitis was the sole and exclusive cause of the victim's death.

Respondent argues also[2] that Petitioner has not established a constitutional violation and absent an examination of the medical records and the presentation of expert testimony, clearly, he could not. However, this evidence, if presented, would show that he was convicted upon insufficient evidence which violates the Constitution.  The Due Process Clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute a crime with which he is charged." In re Winship, 397 U.S. 358, 363-364 (1970).  Winship continued, "[A] society that values the good name and freedom of every individual should not condemn a man for commission of a crime when there is reasonable doubt about his guilt."  Thus, it seems unlikely to be disputed that if Petitioner was convicted of second degree murder when, as a matter of law, he was not guilty, the Constitution would be violated.  In that factual situation, seemingly, no reasonable jury could convict.

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. The court sets an evidentiary hearing on **June 23, 2015** at 9:30 a.m. in Courtroom 6 of the Robert E. Coyle Federal Courthouse in Fresno, California.  At the hearing, evidence will be allowed on the topic of whether the actions by the rehabilitation hospital staff related to inserting the foley catheter into the victim's abdomen, was gross negligence such to constitute the sole cause of death;

2. No later than **May 11, 2015**, counsel for Petitioner SHALL file a written request for Petitioner to be transported for the hearing, if he wishes to be present.

IT IS SO ORDERED.

Dated:   **March 5, 2015**              **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE

---

[2] Respondent seems to argue the Court could go directly to the merits of the matter and decide the petition on the current record. (Doc. 98 at 3 ["[T]his Court could resolve the matter (by finding counsel did adequately convey the cause of death) without yet another hearing."].) However, it does not appear Respondent is withdrawing from his previous position that the petition was not timely nor conceding that it is.