UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY RAY WILLIAMS,<br><br>    Petitioner,<br><br>    v.<br><br>MIKE KNOWLES, Warden,<br><br>    Respondent. | Case No.: 1:03-cv-05819-JLT<br><br>ORDER DENYING RESPONDENT'S MOTION FOR RECONSIDERATION OF ORDER SETTING EVIDENTIARY HEARING (Doc. 100) |

On February 19, 2015, the Court ordered the parties to file supplemental briefs regarding the issue of gross negligence. (Doc. 96). After the parties had complied with that order, the Court, on March 6, 2015, scheduled an evidentiary hearing on the issue of gross negligence for June 23, 2015. (Doc. 99). On March 19, 2015, Respondent filed the instant motion for reconsideration, contending that an evidentiary hearing was unnecessary for a variety of legal reasons. (Doc. 100).

**DISCUSSION**

In its remand order of October 16, 2013, the Ninth Circuit ruled as follows:

> "We therefore reverse the district court and remand for a determination of whether Williams' actual innocence claim meets the standard set forth in McQuiggin so that he is entitled to an exception to the expiration of the AEDPA statute of limitations.

(Doc. 89, p. 3).

The remand order is simple, direct, and explicit: this Court is directed to make a determination regarding whether Petitioner's actual innocence claim justifies an exception to the AEDPA's one-year

1

limitation period.  The Court and all parties appear to agree that Petitioner's claim of actual innocence hinges on whether the hospital acted with gross negligence in placing the feeding tube in the victim.  If it did, Petitioner has a viable claim of actual innocence since the hospital's gross negligence would foreclose criminal culpability for Petitioner.  If it did not, then Petitioner would still be criminally liable for the victim's death and no claim of actual innocence could be sustained.

As the Court indicated in its previous order, the Court's review of the record has given rise to serious concerns concerning whether the parties have presented sufficient evidence upon which to make a factual determination vis-à-vis the hospital's degree of negligence.  The parties were offered the opportunity to indicate whether, should an evidentiary hearing be scheduled, additional relevant and probative evidence would be presented.  Petitioner indicated that he would present such evidence.  Accordingly, the evidentiary hearing was scheduled with enough time for both parties to gather evidence to support their respective positions.

Now, Respondent has filed a motion for reconsideration arguing that, for a variety of legal reasons, the Court need not conduct an evidentiary hearing nor even concern itself with the issue of the hospital's gross negligence.  Respondent's motion for reconsideration, however, ignores the reality of the Ninth Circuit's remand order.  The Ninth Circuit's order was explicit and, in the Court's view, provides no latitude for the Court to fashion new and innovative alternatives to avoid doing precisely what the remand order requires the Court to do, i.e., to make a factual determination regarding whether Petitioner's has established actual innocence under McQuiggin.  The Ninth Circuit has ordered this Court to make specific findings under McQuiggin and, given the state of the record in this case, the scheduled evidentiary hearing is the appropriate means to accomplish that end.  Respondent's arguments to the contrary notwithstanding, the Court sees no other was to proceed at this point other than with the evidentiary hearing already scheduled.

///
///
///
///

2

1 For the foregoing reasons, the Court HEREBY ORDERS that Respondent's motion for reconsideration (Doc. 100), is DENIED.

IT IS SO ORDERED.

    Dated: __**April 6, 2015**__            **/s/ Jennifer L. Thurston**
                                                   UNITED STATES MAGISTRATE JUDGE